Christopher P. Ore
50 Jones St.
Apt. 1124
San Francisco, CA 94102

FILED

JAN 20 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Christopher P. Ore,

Plaintiff,

v.

50 Jones Apartments;
1066 Market LLC;
Jean-Marc Hechinger;
Phi Nguyen;
Security Officer Kamaria Warren;
Echelon Protective Services;
John Does 1–20;
Does A–Z,

Defendants.

Case No.: _____    CV26-0583  TSH

COMPLAINT FOR DAMAGES OF $100,000,000.00 AND INJUNCTIVE RELIEF (JURY TRIAL DEMANDED)

1

## **INTRODUCTION**

1. This is a federal civil-rights, fair-housing, and disability-discrimination action arising from Defendants' repeated misuse of private security and law-enforcement authority to intimidate, interrogate, exclude, and control Plaintiff within his own residence and housing environment, without lawful justification.

2. Defendants are private housing providers, their managerial agents, and their contracted private-security vendor who, acting jointly and in concert, repeatedly caused police officers to be dispatched to Plaintiff's home without a warrant, without probable cause, without exigent circumstances, and without any objectively reasonable safety basis.

3. Defendants further imposed contradictory, arbitrary, and retaliatory restrictions on Plaintiff's access to management and housing services, rendering compliance impossible and transforming ordinary housing interactions into a coercive disciplinary regime.

4. Through these actions, Defendants interfered with Plaintiff's housing rights, retaliated against protected activity, discriminated on the basis of disability, and enlisted state actors to accomplish private objectives, thereby subjecting Plaintiff to unconstitutional seizures, coercive interrogations, and a hostile living environment.

5. Defendants' conduct violated the *Fair Housing Act*, 42 U.S.C. §§ 3604(f) and 3617; the *Americans with Disabilities Act*, 42 U.S.C. § 12101 et seq.; the Fourth and Fourteenth Amendments to the United States Constitution, actionable under 42 U.S.C. § 1983; and California civil-rights and tort law, including the *Unruh Civil Rights Act*, the *Bane Act*, and the covenant of quiet enjoyment.

6. Plaintiff seeks compensatory, punitive, statutory, declaratory, and injunctive relief prohibiting Defendants from summoning law enforcement against him absent lawful

2

justification and requiring the adoption of clear, non-retaliatory, non-police escalation procedures.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. §§ 1983, 3601 et seq., and the ADA.

8. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this District under 28 U.S.C. § 1391 because the events giving rise to these claims occurred in San Francisco, California, and Defendants reside in or conduct business within this District.

## PARTIES

10. Plaintiff Christopher P. Ore is an individual residing in San Francisco, California.

11. Defendant 50 Jones Apartments is a residential apartment complex operating in San Francisco, California and, at all relevant times, acted as a housing provider and landlord.

12. Defendant 1066 Market LLC is the owner, operator, and/or managing entity of the residential property where Plaintiff resides and exercised control over policies, practices, and decisions affecting Plaintiff's tenancy.

13. Defendant Jean-Marc Hechinger is an individual who, at all relevant times, acted as an owner, manager, agent, or decision-maker for 50 Jones Apartments and/or 1066 Market

LLC and personally authorized, directed, ratified, or failed to prevent the conduct alleged herein.

14. Defendant Phi Nguyen is an individual who, at all relevant times, acted as Community Manager for 50 Jones Apartments and as an agent of 50 Jones Apartments and 1066 Market LLC, with managerial authority over tenant communications, security escalation, and coordination with third-party security vendors.

15. Defendant Kamaria Warren is an individual security officer who, at all relevant times, staffed the front desk and participated in or facilitated the conduct alleged herein.

16. Defendant Echelon Protective Services is a private security firm that, at all relevant times, provided security services at the 50 Jones Apartments property and acted as an agent and joint participant with management.

17. Defendants John Does 1–20 and Does A–Z are individuals whose identities are presently unknown who participated in, approved, ratified, or failed to prevent the unlawful conduct described herein.

## FACTUAL ALLEGATIONS

18. Plaintiff is a qualified individual with a disability within the meaning of federal and state law.

19. Plaintiff resides at a residential property owned, operated, managed, and/or controlled by Defendants.

20. At all relevant times, Defendants contracted with Echelon Protective Services to provide on-site security and to implement security and escalation policies, including decisions regarding when and how to involve law enforcement.

21. Defendants maintained no clear, written, non-police escalation pathway for residents to obtain assistance with safety-adjacent, operational, or access-related issues when on-site staff were unavailable.

22. On or about December 24, 2025, Defendants, including Echelon Protective Services and its personnel, contacted, directed, or otherwise caused law-enforcement officers to be dispatched to Plaintiff's apartment door.

23. Law-enforcement officers arrived at Plaintiff's home, identified him by name, and attempted to interrogate him.

24. There was no warrant, no probable cause, no exigent circumstance, and no objectively reasonable basis for police involvement, a welfare check, or investigative detention.

25. On or about December 26, 2025, law-enforcement officers again returned to Plaintiff's residence and again attempted to interrogate him in the apartment complex lobby, continuing the same unlawful course of conduct.

26. Defendants provided false, exaggerated, misleading, or legally insufficient information to law enforcement, or otherwise misused police authority, to provoke official intervention against Plaintiff.

27. During these encounters, a reasonable person in Plaintiff's position would not have felt free to terminate the encounters or refuse police questioning.

28. Defendants subsequently confirmed in writing that law enforcement had been contacted and that formal police reports had been generated on at least two occasions, identifying police report numbers 253582512 and 253601670.

29. Defendants further confirmed that management and private security were conducting internal investigations in parallel with law enforcement and delayed production of reports despite Plaintiff's repeated requests.

30. On December 26, 2025, Defendants issued Plaintiff a written directive prohibiting all in-person visits to the leasing office and requiring all communications to be conducted exclusively in writing, under threat of "further action," without scope, duration, or review mechanism.

31. On January 16, 2026, Defendant Nguyen issued a separate written statement that Plaintiff was "always welcome" to come speak with her in person, without rescinding or clarifying the prior prohibition.

32. These facially contradictory directives rendered compliance impossible and constituted arbitrary, coercive, and retaliatory interference with Plaintiff's access to housing services.

33. Plaintiff provided Defendants written notice that these contradictory access restrictions were unlawful, discriminatory, and retaliatory, particularly in light of Plaintiff's disability and protected activity, and requested written clarification and corrective action.

34. Defendants failed to resolve the contradiction, identify any governing written policy, or provide lawful, consistent guidance, thereby ratifying an access regime that was arbitrary and unequal.

35. Plaintiff further placed Defendants on notice that front-desk staff repeatedly abandoned the primary service and security post upon his arrival, leaving the desk unattended and creating a foreseeable safety risk.

36. Defendants acknowledged the issue but failed to implement corrective measures or provide a substantive response, thereby ratifying conditions that interfered with Plaintiff's access to housing services and undermined basic safety.

37. Defendants' actions were motivated, at least in part, by Plaintiff's disability and/or Plaintiff's exercise of protected rights, including complaints, objections, and requests for clarification and accommodation.

38. Defendants acted jointly with, conspired with, or willfully participated in state action by enlisting law-enforcement officers to accomplish private objectives.

39. Defendants' conduct was willful, malicious, oppressive, and carried out with reckless disregard for Plaintiff's federally protected rights.

40. As a result of Defendants' conduct, Plaintiff has suffered loss of quiet enjoyment, invasion of privacy, emotional distress, stigmatization, and an ongoing risk of future retaliatory law-enforcement encounters.

## FIRST CAUSE OF ACTION
### Violation of Fair Housing Act – Disability Discrimination, Interference, and Retaliation
### 42 U.S.C. §§ 3604(f), 3617

41. Plaintiff realleges and incorporates by reference paragraphs 1–40.

42. Defendants discriminated against Plaintiff on the basis of disability by subjecting him to unequal terms, conditions, and privileges of housing, including intimidation and harassment through unjustified police intervention.

43. Defendants interfered with, coerced, and intimidated Plaintiff in the exercise and enjoyment of fair-housing rights.

44. Defendants retaliated against Plaintiff for engaging in protected activity.

## SECOND CAUSE OF ACTION
### Violation of Americans with Disabilities Act – Discrimination and Retaliation
### 42 U.S.C. § 12101 et seq.

45. Plaintiff realleges and incorporates by reference paragraphs 1–44.

46. Defendants discriminated and retaliated against Plaintiff by reason of disability through intimidation, unequal treatment, and punitive police involvement.

## THIRD CAUSE OF ACTION
### Deprivation of Civil Rights Under Color of State Law
### 42 U.S.C. § 1983 – Fourth and Fourteenth Amendments

47. Plaintiff realleges and incorporates by reference paragraphs 1–46.

48. Defendants acted under color of state law by willfully participating in joint activity with law enforcement.

49. Defendants caused Plaintiff to be subjected to unreasonable seizures and coercive interrogation without lawful justification.

## FOURTH CAUSE OF ACTION
### Policy, Practice, and Ratification Resulting in Constitutional Violations
### 42 U.S.C. § 1983

50. Plaintiff realleges and incorporates by reference paragraphs 1–49.

51. Defendants maintained, enforced, or ratified practices of summoning law enforcement against tenants without lawful basis and failed to train or supervise personnel to prevent misuse of police authority.

## FIFTH CAUSE OF ACTION
### Violation of California Civil Code § 52.1 – *Bane Act*

52. Plaintiff realleges and incorporates by reference paragraphs 1–51.

53. Defendants interfered with Plaintiff's constitutional rights through threats, intimidation, and coercion.

## SIXTH CAUSE OF ACTION
### Breach of Covenant of Quiet Enjoyment

54. Plaintiff realleges and incorporates by reference paragraphs 1–53.

55. Defendants substantially interfered with Plaintiff's right to quiet enjoyment by repeatedly summoning police and imposing coercive access restrictions.

## SEVENTH CAUSE OF ACTION
### Constructive Eviction / Attempted Constructive Eviction

56. Plaintiff realleges and incorporates by reference paragraphs 1–55.

57. Defendants' conduct rendered Plaintiff's residence unsafe and untenable and was intended to force Plaintiff to abandon his tenancy or submit to coercive control.

## EIGHTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

58. Plaintiff realleges and incorporates by reference paragraphs 1–57.

59. Defendants engaged in extreme and outrageous conduct with reckless disregard for Plaintiff's emotional well-being.

## DAMAGES

60. Plaintiff has suffered and continues to suffer economic and non-economic damages.

61. Plaintiff seeks compensatory damages in the amount of $100,000,000.00 or according to proof.

62. Plaintiff seeks punitive damages against the individual and corporate Defendants to the extent permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff;

B. Award compensatory damages of $100,000,000.00 USD or according to proof;

C. Award punitive and exemplary damages;

D. Grant declaratory and injunctive relief prohibiting Defendants from summoning law enforcement against Plaintiff absent lawful justification and requiring adoption of lawful escalation policies;

E. Award attorneys' fees and costs as permitted by law;

F. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: January 12, 2026

Christopher P. Ore Plaintiff, *Pro Se*